IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICKY HAMM, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:14CV604–HEH
)
ERIC WILSON, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
### (Granting Defendant's Motion to Dismiss)

Ricky Hamm ("Hamm"), a federal inmate confined in the Federal Correctional Complex in Petersburg, Virginia ("FCC Petersburg"), filed suit[1] in the Circuit Court of Prince George County, Virginia ("Circuit Court") against Defendants[2] for breach of contract. Defendant Wilson[3] removed that case to this Court. This matter is before the Court on: (1) Defendant Wilson's Motion to Dismiss or, in the Alternative, (2) for Summary Judgment ("Motion to Dismiss," ECF No. 2; "Motion for Summary

---

[1] "BILL AT LAW FOR BREACH OF CONTRACT AND THIRD PARTY BREACH OF CONTRACT." ("Complaint," ECF No. 1–1, at 3.) The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] There appears to be some confusion as to the identity of the Defendants in this matter. Hamm initially named "FEDERAL BUREAU OF PRISONS, INC." and "PETERSBURG, LOW." (Compl. at 3.) Hamm identifies the parties as "CEO Warden Wilson, agent in charge," and "Bureau of Prisons, Inc." (*Id.*) The Notice of Removal listed "WARDEN ERIC WILSON," "FEDERAL BUREAU OF PRISONS, INC.," and "PETERSBURG, LOW" as Defendants. (Notice Removal at 1.) Hamm has only served Defendant Wilson. (Notice Removal, Ex. 1. thereto.) As explained below, the confusion over the identity of the Defendants is immaterial for the purposes of this opinion.

[3] The United States Attorney's Office represents only Defendant Wilson, as it asserts that the other "defendants[,] the 'Federal Bureau of Prisons, Inc.' and 'Petersburg, Low' . . . . are not legal entities that are capable of being sued." (Mem. Supp. Mot. to Dismiss at n.1.)

Judgment," ECF No. 3); (3) Hamm's Motion for Remand (ECF No. 6); and (4) Hamm's Motion to Amend, or in the Alternative, to Transfer to the Court of Federal Claims ("Motion to Amend," ECF No. 8; "Motion to Transfer," ECF No. 9). For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

## I. Procedural History

Hamm, a federal inmate proceeding *pro se*, filed suit in the Circuit Court against "Federal Bureau of Prisons, Inc." and "Petersburg, Low."[4] (Compl. at 3.) The Complaint alleges that Defendants breached contracts "in the first instance and as a third-party beneficiary." (*Id.*)

On August 29, 2014, Defendant Wilson filed a Notice of Removal of State Court Action to United States District Court. ("Notice of Removal," ECF No. 1.) On September 5, 2014, Defendant Wilson filed a Motion to Dismiss (ECF No. 2) and Motion for Summary Judgment (ECF No. 3).

On September 17, 2014, Hamm filed a "Notice for Remand to State Court" ("Motion to Remand," ECF No. 6), which the Court construes as a Motion to Remand.[5] Defendant Wilson filed an Opposition to Motion to Remand (ECF No. 7).

On October 7, 2014, Hamm filed a Motion to Amend (ECF No. 8) and Motion to Transfer to the Court of Federal Claims (ECF No. 9). Defendant Wilson responded with

---
[4] The Court corrects the capitalization and spelling in quotations from Hamm's filings.
[5] Defendant Wilson concedes that Hamm's "Notice" ought to be construed as a Motion to Remand. (Opp'n Mot. Remand 1, ECF No. 7.)

2

an Opposition to the Motion to Amend and Motion to Transfer (ECF No. 10). On October 28, 2014, Hamm filed an untitled Memorandum of Law and Facts (ECF No. 11).

## II. Summary of Allegations

Hamm's contends that a variety of conditions at the FCC Petersburg are unsuitable. The unsuitable conditions of the facility, Hamm avers, include violations of the fire code, "over capacity of the facilities and buildings," "inmates being subjected to second hand smoke," "officers stealing food from the kitchen," and "violati[on] of the code regarding capacity of facilities buildings."[6] (Compl. at 6–7.) Hamm argues that 18 U.S.C. § 4002[7] and § 4042,[8] along with the United States Department of Housing and Urban Development's regulations for housing, 24 C.F.R. § 5.703, constitute "contracts"

---

[6] Notably, although Hamm provides a Congressional Research Service report about the general issue of prison overcrowding (Compl., Ex. A thereto.), he does not provide a single fact to support the conclusion that the population in the prison exceeds its capacity, or that he has suffered harm arising from an overcrowded prison.

[7] The statute provides, in pertinent part:

> For the purpose of providing suitable quarters for the safekeeping, care, and subsistence of all persons held under authority of any enactment of Congress, the Attorney General may *contract*, for a period not exceeding three years, with the *proper authorities of any State*, Territory, or political subdivision thereof, for the imprisonment, subsistence, care, and proper employment of such persons.

18 U.S.C. § 4002 (emphasis added). This statute is irrelevant to Hamm, as he is held in a federal facility.

[8] The statute provides, in pertinent part:

> **(a) In general.**--The Bureau of Prisons, under the direction of the Attorney General, shall--
> (1) have charge of the management and regulation of all Federal penal and correctional institutions;
> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise . . . .

18 U.S.C. § 4042(a).

3

between the BOP and the United States, that he is a third party beneficiary to these "contracts," and that his conditions of confinement constitute a breach of those contracts. (*Id.* at 5–6.) Hamm seeks *ad damnum* in the form of $10,000,000 in real damages per defendant and $50,000,000 in punitive damages. (*Id.* at 8.)

### III. Lack of Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377, 116 S.Ct. 1673, 1675 (1994). They possess only such power as is authorized by the Constitution or conferred by statute. *Id.* Absent a finding of subject matter jurisdiction, this Court has no adjudicative authority to proceed further. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998). As explained below, because the Circuit Court lacked jurisdiction over Hamm's claims, so too does this Court.

#### A. Sovereign Immunity and Waiver

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (alteration in original) (internal citations and quotation marks omitted) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

4

The statutes and regulation Hamm cites in his Complaint, 18 U.S.C. §§ 4002,[9] 4042[10] and 24 C.F.R. § 5.703[11] do not create a private right of action against the United States for breach of contract. *See, e.g., Touche Ross & Co. v. Redington*, 442 U.S. 560, 569 (1979) (refusing to find a statute created an implied private remedy when it failed to prohibit certain conduct or create federal rights in favor of private parties).

The statute most applicable to Hamm's contract claims is the "Big Tucker Act," 28 U.S.C. § 1491. *Smeltzer v. United States*, 131 F.3d 136 (4th Cir. 1997). This Act grants the Court of Federal Claims exclusive jurisdiction over breach of contract claims against the United States where the amount in controversy exceeds $10,000. *Id.* The Act

---

[9] *See Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979) (refusing to find an implied private right of action under § 4002 in the absence of an actual contract between federal and state governments).

[10] Some courts have found § 4042 relevant to establishing a duty of care as the basis of a tort claim against the United States under the Federal Tort Claims Act ("FTCA"). *See, e.g., Manning v. U.S. Dep't of Justice*, 104 F. App'x 907, 909 (4th Cir. 2004) (using § 4042 as a standard for the duty of care when evaluating a claim brought pursuant to the FTCA). Hamm did not bring this action in tort. Although he makes a single passing reference to the FTCA, he does so in the context of arguing that he has a right to sue for breach of contract. (Compl. at 8 ("Federal prisoners have a right to sue the United States for injuries sustained in prison under the provisions of [the] Federal Tort Claims Act and/or contracts . . . . (citation omitted)).) Hamm fails to raise an FTCA claim, or allege an action in tort, in any of his pleadings or responses.

While the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Furthermore, had Hamm properly raised an FTCA claim, the Court would still lack jurisdiction pursuant to the doctrine of derivative jurisdiction. *Palmer v. City Nat'l Bank, of W. Va.*, 498 F.3d 236, 247 (4th Cir. 2007); *see* Part III.B *infra*. If Hamm wishes, he "remains free to bring a separate action against the federal defendants in . . . a district court, for [his tort] claims, in accordance with the FTCA." *Palmer*, 498 F.3d at 247. Dismissal of an FTCA claim does not infringe on "any fundamental right of judicial access . . . [because Hamm] has not yet availed [him]self of the appropriate federal fora for resolving its claims against the federal defendants." *Id.*

[11] Hamm fails to raise, and the Court does not discern, any rationale to support the conclusion that regulations promulgated by the United States Department for Housing and Urban Development apply to federal prisons.

5

does not, however, grant state courts jurisdiction over these claims.[12] *See Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (explaining that in suits against the United States, state courts lack subject matter jurisdiction unless the waiver of sovereign immunity expressly grants jurisdiction to state courts).

## B. Derivative Jurisdiction

Defendant Wilson removed under 28 U.S.C. § 1442(a)(1),[13] which permits the Government to remove a civil case that is filed against officers or agencies of the United States in state court. 28 U.S.C. § 1442(a)(1). The doctrine of derivative jurisdiction applies when the Government removes a case under § 1442. *Palmer*, 498 F.3d at 246. When derivative jurisdiction applies, the federal court only acquires the jurisdiction possessed by the state court prior to removal. *See id.* at 244, 246. When, as here, the state court lacks subject matter jurisdiction, the federal court does not acquire jurisdiction

---

[12] The "Little Tucker Act," 28 U.S.C. § 1346, grants Federal District Courts concurrent jurisdiction with the Court of Federal Claims over breach of contract claims against the United States not exceeding $10,000. *Randall v. United States*, 95 F.3d 339, 346–47 (4th Cir. 1996). Like the Big Tucker Act, this Act also fails to grant state courts jurisdiction. *See Bullock*, 666 F.3d at 285.

[13] That statute provides:

> **(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

upon removal, "even though in a like suit originally brought in federal court, the court would have had jurisdiction." *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) (citing *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1998)).[14]

### C. Analysis

Although styled as a state law breach of contract claim, Hamm may only bring his initial complaint against the United States pursuant to the "Big Tucker Act." 28 U.S.C. § 1491. The Circuit Court lacks subject matter jurisdiction over claims brought pursuant to that Act. *Bullock*, 666 F.3d at 285 (observing that "state courts do not have presumptive jurisdiction to decide suits against the United States"). Pursuant to the doctrine of derivative jurisdiction, this Court's jurisdiction over a removed case is the same as that of the state court from which the case originated. *Palmer*, 498 F.3d at 244.[15] Because the Circuit Court lacked jurisdiction over Hamm's case, this Court accordingly lacks subject matter jurisdiction, and must dismiss the case. *See, e.g., Patton v. F.B.I.*, No. 2:14–13347, 2014 WL 3496112, at *3 (S.D. W. Va. July 11, 2014).

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1). A

---

[14] Notably, this Court would not have had jurisdiction over Hamm's initial action, as it falls within the exclusive jurisdiction of the Court of Federal Claims.

[15] In *Palmer*, a third-party plaintiff brought, *inter alia*, breach of contract claims against third-party defendants who were federal agencies. 498 F.3d at 239. The third-party defendants removed the case to federal court pursuant to 28 U.S.C. § 1442(a). *Id.* The court dismissed the action pursuant to the doctrine of derivative jurisdiction, noting that the third-party plaintiff "remains free to bring a separate action against the federal defendants in an appropriate forum, *i.e.*, the Court of Federal Claims, for its contract action, in accordance with the Tucker Act . . . ." *Id.* at 247.

complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Id.* (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). Accordingly, because this Court lacks jurisdiction and cannot legally adjudicate Hamm's claims, dismissal is appropriate under § 1915A(b)(1).

## IV. Outstanding Motions

### A. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant Wilson failed to raise the issue of derivative jurisdiction in his Motion to Dismiss. Instead, he argues that Hamm's initial pleading fell under the exclusive jurisdiction of the Court of Federal Claims, as he demanded $60,000,000 in damages from the United States for breach of contract. (Mem. Supp. Mot. to Dismiss, ECF No. 4, at 3.) Accordingly, Defendant's removal of the case to this Court was improper. Nevertheless, because the Court, in fact, lacks subject matter jurisdiction,[16] the Defendant's Motion to Dismiss (ECF No. 2) will be granted.

### B. Remaining Motions

Because the Court lacks jurisdiction over the matter, Defendant's Motion for Summary Judgment (ECF No. 3) will be denied. Hamm's Motion for Remand (ECF

---

[16] The fact that Defendant Wilson failed to raise the correct legal basis for dismissal is immaterial. "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

No. 6), Hamm's Motion to Amend[17] (ECF No. 8), and Hamm's Motion to Transfer[18] (ECF No. 9) will be denied as moot.

## V. Conclusion

For the reasons set forth, Defendant Wilson's Motion to Dismiss (ECF No. 2) will be granted. Defendant Wilson's Motion for Summary Judgment (ECF No. 3), Hamm's Motion for Remand (ECF No. 6), Hamm's Motion to Amend (ECF No. 8), and Hamm's Motion to Transfer (ECF No. 9) will be denied. The action will be dismissed for lack of jurisdiction.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Dec 19 2014
Richmond, Virginia

---

[17] In his Motion to Amend, Hamm seeks to modify the collective *ad damnum* from $60,000,000 to $10,000, or, in the alternative, transfer the case to the Court of Federal Claims. (Mot. Amend 4.) If the Court grants leave to amend, the matter would fall under the "Little Tucker Act," and this Court would still lack jurisdiction under the doctrine of derivative jurisdiction. *Bullock*, 666 F.3d at 285.

[18] If the Court transferred this action to the Court of Federal Claims, it too would lack subject matter jurisdiction pursuant to the doctrine of derivative jurisdiction.